THEODORE TAPPER AND ANNE TAPPER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tapper v. Commissioner
Docket No. 5899-74.
United States Tax Court
T.C. Memo 1975-50; 1975 Tax Ct. Memo LEXIS 321; 34 T.C.M. (CCH) 315; T.C.M. (RIA) 750050; March 10, 1975, Filed *321 Theodore Tapper, pro se. Lowell F. Raeder, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $5,357.60, which included an addition to tax under section 6653(a) of the Internal Revenue Code of 1954, in respect of petitioners' income tax for 1972. The sole issue is whether petitioners are entitled to a "war crimes" deduction of $22,257.76, respondent having conceded the addition to tax. Petitioners are husband and wife and resided in Philadelphia, Pennsylvania, at the time they filed their petition herein. Their petition alleges error by respondent on the grounds that during the taxable year in issue -- the United States Government was, as a matter of government policy, engaged in the pursuit of criminal objectives by criminal means in the prosecution of the war in Indochina. In so doing it violated, as a matter of official administration policy, recognized statutes of domestic and international law, including the Constitution of the United States, the United Nations Charter, the Hague Convention of 1907, the Geneva Convention of 1949, the Nuremberg Principles, *322 and the Geneva Accords of 1954, among others. Petitioners also allege certain facts in support of their allegations and further claim that certain payments were made in 1972 and 1973 to the Philadelphia War Tax Resistance Fund. Respondent moved for dismissal of petitioners' case on the ground that the petition failed to state a claim upon which relief could be granted. On August 28, 1974, this Court issued an order giving the petitioners an opportunity to file an amended petition and stating that if such petition was not filed "a decision in the amount of the deficiency determined by the respondent will be entered against petitioners" On September 30, 1974, petitioners filed an amended petition, which was essentially a legal argument and failed to include any grounds for error on respondent's part other than those set forth in the original petition. On October 10, 1974, the Court issued an order finding that the document filed "can not be considered a proper amended petition" and set a date for hearing on respondent's motion. That hearing was held on October 29, 1974 pursuant to said order. We accept the fact that petitioners' views are based upon strong and sincere convictions. *323 Nevertheless, whether we view petitioners' position as being founded on religious or moral principles or on alleged illegal acts on the part of the United States Government and even if we assume, as we must, for the purposes of this motion, that their allegations are true, petitioners must fail. The issues which they have raised have consistently been held by the courts not to provide a basis for permitting a taxpayer to avoid his or her obligation to pay Federal income tax. Susan Jo Russell,60 T.C. 942 (1973), and cases cited therein. The Third Circuit Court of Appeals (to which an appeal in this case would lie, cf. Jack E. Golsen,54 T.C. 742 (1970), affd. 445 F. 2d 985 (C.A. 10, 1971)), in United States v. Malinowski,472 F. 2d 850 (C.A. 3, 1973), has adhered to this position even in a situation involving a criminal prosecution for violation of the Federal income tax laws. [1] We find no basis in developments in our national political and government life since those cases were decided to depart, as petitioners suggest we should do, from the established precedents.
*324 Respondent's motion to dismiss is granted and Decision will be entered for the respondent in the amount of the basic deficiency.
Footnotes
1. See also John H. Ginaven,T.C. Memo. 1974-119; Robin Harper,T.C. Memo. 1974-117; John P. Malinowski,T.C. Memo. 1974-88↩.